JUSTICE NELSON
concurs.
¶37 I reluctantly concur in the Court’s decision.
¶38 As the Court notes in ¶ 18 of the Opinion, the lien states that the materials were furnished between August 9 and August 14,2003. Two *301 invoices admitted in evidence indisputably cover materials and services outside the times claimed in the lien. Specifically, invoice 6521, in the amount of $20,119.00, is for concrete delivered from August 5 to August 8, and invoice 6612, in the amount of $4,475.00, is for flowboys and water trucks delivered on July 29 and 30 and August 5, 7, and 8. Facially, these two invoices are for materials and services delivered prior to the times covered by the lien. The lien is, therefore, deficient on its face under § 71-3-535(3)(g)(i) and (ii), MCA. Unfortunately, because Alvarez did not properly raise this argument in the District Court, that court was and this now Court is in the position of having to enforce a facially deficient construction lien.
¶39 For this reason, I would specifically limit our decision to the facts of this case. To that extent, I concur.